RE: INFORMAL OPINION REGARDING DUAL OFFICE HOLDING BY PARTTIME MUNICIPAL JUDGE.
THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR REQUEST IN WHICH YOU ASKED WHETHER 51 O.S. 6 (1991) PROHIBITS A PERSON FROM BEING A SCHOOL BOARD MEMBER AND A PART-TIME MUNICIPAL JUDGE. IN VIEW OF PREVIOUS OPINIONS BY THIS OFFICE REGARDING THIS GENERAL SUBJECT, A FORMAL OPINION IS NOT NECESSARY. THE OPINION BELOW IS SOLELY THAT OF THE UNDERSIGNED AND DOES NOT NECESSARILY REFLECT THE VIEWS OF THE ATTORNEY GENERAL.
AS YOU OBSERVED, 51 O.S. 6 (1991) GOVERNS YOUR QUESTION. IT PROVIDES IN PERTINENT PART:
 "A. EXCEPT AS MAY BE OTHERWISE PROVIDED, NO PERSON HOLDING AN OFFICE UNDER THE LAWS OF THE STATE AND NO DEPUTY OF ANY OFFICER SO HOLDING ANY OFFICE, SHALL, DURING HIS TERM OF OFFICE, HOLD ANY OTHER OFFICE OR BE THE DEPUTY OF ANY OFFICER HOLDING ANY OFFICE, UNDER THE LAWS OF THE STATE."
THERE ARE CERTAIN OFFICES WHICH ARE NOT COVERED BY THE ABOVE QUOTED PROVISION; HOWEVER, SUCH OFFICES ARE NOT IMPLICATED IN YOUR QUESTION.
THE DEFINITIVE QUESTION IS WHETHER THE POSITION OF PART-TIME MUNICIPAL JUDGE AND THE POSITION OF SCHOOL BOARD MEMBER ARE OFFICES. THERE ARE PREVIOUS ATTORNEY GENERAL OPINIONS, CITED HEREIN, WHICH FIND THAT THEY ARE.
THE ELEMENTS OF A PUBLIC OFFICE HAVE BEEN SET OUT BY THE OKLAHOMA SUPREME COURT: A PUBLIC OFFICE IS CREATED OR AUTHORIZED BY LAW; IT HAS DEFINITE DUTIES IMPOSED BY LAW; AND IT INVOLVES THE EXERCISE OF SOME SOVEREIGN POWER. A POSITION WHICH FAILS IN ANY ONE OF THESE ASPECTS IS NOT AN OFFICE, BUT EMPLOYMENT. OKLAHOMA CITY V. CENTURY INDEMNITY CO., 62 P.2D 94, 97 (OKLA.1936). SEE ALSO SPARKS V. BOARD OF LIBRARY TRUSTEES, 169 P.2D 201 (OKLA.1946) (OFFICER IS ONE VESTED WITH SOME PORTION OF THE FUNCTIONS OF THE GOVERNMENT TO BE EXERCISED FOR THE PUBLIC BENEFIT) (CITING FARLEY Y. BOARD OF EDUCATION OF CITY OF PERRY, 162 P. 797)). SEE ALSO A. G. OPIN. NO. 89-072 AND OPINIONS CITED THEREIN; A. G. OPIN. NO. 83-220 (DEALING WITH SCHOOL BOARD MEMBERS); A. G. OPIN. NO. 74-118.
YOU REFERENCED THIS WRITER'S INFORMAL OPINION OF NOVEMBER 27, 1991, HOLDING THAT PART-TIME CITY ATTORNEYS DO NOT FALL UNDER THE DEFINITION OF "OFFICE" UNDER 51 O.S. 6. THERE IS A SLIGHT, BUT SIGNIFICANT DIFFERENCE BETWEEN THE POSITION OF PART-TIME CITY ATTORNEY AND PART-TIME MUNICIPAL JUDGE. A PART-TIME CITY ATTORNEY, AS AN EMPLOYEE, OPERATES LARGELY AT THE DIRECTION OF OTHERS, CARRYING OUT AND REPRESENTING THE SPECIFIC WISHES OF TOWN OFFICIALS. A PART-TIME CITY ATTORNEY IS NOT REQUIRED TO TAKE AN OATH OF OFFICE. IN CONTRAST, THE ROUTINE BUSINESS OF A JUDGE IS TO DECIDE CASES BEFORE HIM IN AN IMPARTIAL MANNER, REGARDLESS OF THE WISHES OF TOWN OFFICIALS. HE MUST TAKE AN OATH OF OFFICE. THEREFORE, THE OFFICE OF JUDGE CARRIES EXTRA RESPONSIBILITIES THAT MAKE IT, IF NOT MORE IMPORTANT, CERTAINLY MORE VISIBLE. SEE 5 O.S. 1991, CH. 1, APP. 4 (CODE OF JUDICIAL CONDUCT). IN THIS WRITER'S OPINION, THIS DIFFERENCE IS SUFFICIENT TO DISTINGUISH THE TWO OFFICES.
YOU HAVE REMARKED THAT ARTICLE VII, SECTION 11 OF THE OKLAHOMA CONSTITUTION DOES NOT PROHIBIT A MUNICIPAL JUDGE'S HOLDING OF ANY OTHER OFFICE OR POSITION OF PROFIT. YOU ALSO NOTED THAT SCHOOL BOARD MEMBERSHIP IS NOT A PAID POSITION. WHILE THIS WRITER DOES NOT DISAGREE WITH YOUR OBSERVATIONS, THE ISSUE IS NOT WHETHER THE PERSON HOLDING BOTH POSITIONS GETS PAID FOR EITHER OF THEM. THE ISSUE IS WHETHER BOTH ARE OFFICES; AND, IF SO, WHETHER DUAL OFFICE HOLDING CAN BE ALLOWED UNDER ONE OF THE EXCEPTIONS DELINEATED UNDER 51 O.S. 6 (1991). SEE A. G. OPIN. NO. 69-185. AT THE SAME TIME, WHETHER A MUNICIPAL JUDGE IS PART-TIME OR FULL-TIME IS INCONSEQUENTIAL IN DETERMINING THE ISSUE; HE IS A JUDGE, AND THAT IS THE SIGNIFICANT STATUS.
ALSO BY WAY OF ANSWER TO YOUR COMMENT NOTED IN THE ABOVE PARAGRAPH, AND PURSUANT TO YOUR REQUEST, I HAVE REVIEWED A. G. OPIN. NO. 80-007, HOLDING THAT HAVING TWO MUNICIPAL JUDGE POSITIONS DOES NOT VIOLATE 51 O.S. 6; HOWEVER, THE OPINION ITSELF EXPRESSLY LIMITS ITS CONCLUSION TO DUAL OFFICE HOLDING INVOLVING TWO MUNICIPAL JUDGE POSITIONS. IN OTHER WORDS, IT CARVES OUT A VERY NARROW EXCEPTION, IN LARGE PART BECAUSE MUNICIPAL JUDGES ARE EXEMPT FROM THE DUAL OFFICE PROHIBITION OF THE OKLAHOMA CONSTITUTION. IT DOES NOT HOLD THAT A MUNICIPAL JUDGESHIP IS NOT AN OFFICE. IN FACT, IT SPECIFICALLY CITES PRIOR ATTORNEY GENERAL OPINIONS WHICH HAVE HELD THAT THE POSITION OF MUNICIPAL JUDGE AN OFFICE. THE LIMITATION, THEN, LIES NOT SO MUCH WITH THE OFFICE OF MUNICIPAL JUDGE AS WITH THE OFFICE OF SCHOOL BOARD MEMBER, WHO IS PROHIBITED FROM HOLDING ANY OTHER OFFICE.
THEREFORE, IN SUMMARY, THE POSITIONS OF BOTH MUNICIPAL JUDGE AND SCHOOL BOARD MEMBER ARE "OFFICES" UNDER 51 O.S. 6 (1991). THIS OFFICE HAS CONSISTENTLY RULED THAT THE LANGUAGE OF 6 CONSTITUTES AN EXPRESS PROHIBITION ON DUAL OFFICE HOLDING EXCEPT AS MAY OTHERWISE BE PROVIDED BY LAW. A. G. OPIN. NO. 80-007. WHILE THE LAW MAY PROVIDE OTHERWISE IN THE CASE OF MUNICIPAL JUDGES, THERE IS NO EXCEPTION FOR THE OFFICE OF SCHOOL BOARD MEMBER WHICH FITS THE QUESTION HERE.
(DAN CONNALLY)
** NOTE: 1 FOR EXAMPLE, 51 O.S. 6(A)(5) PROVIDES AN EXCEPTION FOR THOSE HOLDING A MUNICIPAL OFFICE, BUT SPECIFICALLY LIMITS THE EXCEPTION TO AN OFFICE OR POSITION ON A "BOARD OR COMMISSION THAT RELATES TO FEDERAL, STATE, COUNTY OR MUNICIPAL GOVERNMENT AND IS CREATED BY THE UNITED STATES GOVERNMENT, THE STATE OF OKLAHOMA OR A POLITICAL SUBDIVISION OF THE STATE, EXCEPT WHERE A CONFLICT EXISTS." 51 O.S. 6(A)(6) PROVIDES AN EXCEPTION FOR SCHOOL BOARD MEMBERS, BUT ONLY WHEN THEY ARE APPOINTED TO "A STATE BOARD, COMMISSION OR SIMILAR ENTITY IF THERE IS NO COMPENSATION . . ."